IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY J. STURGEON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 12-4032-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Supplemental Security Income to Plaintiff Mary J. Sturgeon in a decision dated March 31, 2011 (Tr. 13-23). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ erred in finding her subjective complaints not credible (Doc. 19). The Court has reviewed the medical evidence and opinions in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole. The ALJ's credibility determination is based upon well-considered inconsistencies in the evidence of record, including the factors set forth in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984). The ALJ properly considered the claimant's mental impairments in finding that she was not restricted in the activities of daily living; no more than

2

mildly limited social functioning; no more than moderately limited in concentration, persistence, or pace; and had suffered no repeated episodes of decompensation of extended duration.  The ALJ discussed the claimant's assertions and statements regarding her daily activities, the objective medical evidence of record, and the weight afforded to medical opinions in the record.  Taken together, the ALJ's RFC determination is based upon substantial evidence on the record as a whole.  Moreover, the decision falls within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference.  Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  August 26, 2013**

       /s/ *David P. Rush*
   **DAVID P. RUSH**
   **United States Magistrate Judge**